PLEASANTS
*vs.*
Ross.

——— ❊ ———

### DAVIS vs. MITCHELL.

THIS was an action on two promissory notes. The defendant, after the day of the date and before that of payment, called his creditors, from whom he obtained a respite, and the proceedings before the notary were homologated. A motion was now made to discharge the bail.

Party, who obtains time, cannot be held to bail, for an anterior debt.

*Livingston* for the plaintiff. The defendant resists our suit, in consequence of a FORCED *respite*, which it is contended he has obtained under the 16th title of the *Civil Code*, 438.

THE forced respite takes place, where the creditors do not all agree : for then, the opinion of the three-fourths in number and in amount prevails, and if the judge shall approve such opinion, it shall be binding on the creditors who did not agree.

BUT, in order that a respite may produce this effect, it is necessary that the debtor should file a

FALL 1811.
First district.

DAVIS
*vs.*
MITCHELL.

true and exact schedule, sworn by him, of all his moveable and immoveable property, and of his debts—that all the creditors be summoned—that the creditors called in, should swear to their debts, and it is provided that those who do not swear, be not reckoned, so as to make a part of the three-fourths, whose opinion is to bind the whole.

IN the present case, no *true and exact* schedule was filed for the debt, which is the object of the present suit; and another debt, existing at the filing of the schedule and since discharged, was omitted.

FARTHER, the plaintiff was not summoned—neither could he be, as he was not put down as a creditor.

*Duncan* for the defendant. As the proceedings of the creditors before the notary, were homologated by the court, every thing must now be presumed to have been regularly done.

THE homologation is a solemn act, binding on all the creditors—it is a proceeding, as if it were, against all the world—all parties concerned are solemnly called to shew cause against it, by public advertisement. The records shew that three-fourths of the creditors consented, and how can this be gainsaid? This court has no chancery power over its judgments, neither can it revise them on a writ of error.

IN the case of *Norwood* vs. *Leblanc*, this court solemnly decided that the discovery of a receipt, after the judgment is completed, would not authorise them to re-open it.

THE homologation has passed *in rem judicatam.*

THE stay of proceedings granted, at the time the defendant called a meeting of his creditors, is still in full force; and would protect him, even if the homologation was set aside.

IF the debt had ripened into a judgment before the defendant's failure, the plaintiff could not at this moment take out a *ca. sa.*—much less can he have process to hold the defendant to bail.

*Livingston* for the plaintiff.   In order that the *espera*, (respite) which the creditors grant, may have effect, they *must* appear with their documents. 6 *Febrero* 723, *no.* 129.   Perhaps, our *Civil Code*, instead of requiring documents, is satisfied with the creditor's oath.   But as the *espera* was heretofore void, if the creditors who granted it appeared without their documents, the respite of our code must be of no effect, if the creditors grant it, without an oath establishing their debts.

THE schedule is made at the debtor's peril. He shall not invoke a special clause in his favour, if he has not complied with the formalities which

FALL 1811.
First district.

DAVIS
vs.
MITCHELL.

the other clauses of the statute require, for the protection of his creditors.

THE defendant contends that we are to presume that the notary did his duty : but a party who seeks protection under a record, must shew that it contains every thing that is essential to its validity. The notary is a mere ministerial officer, whose province it is merely to record what is passing on, before him.

THE express authority from *Febrero*, that the *espera* is void, if the formalities required are not all fulfilled, furnishes a fair induction, from which we are to conclude, that the respite mentioned in our code, is likewise vitiated by the absence of a material part of what the statute requires.

FARTHER, the petition states that the defendant is about to depart. The creditors who granted the respite, did it in the expectation that the debtor would, in the meanwhile, remain within their reach.

MATERIAL irregularity avoids all proceedings. The plaintiff, in this case, remains at full liberty to exercise his rights.

*By the Court.* All proceedings having been staid against the defendant—his creditors summoned, by advertisement, to meet at the notary's office—time given—and the creditors called again to shew cause against the homologation of the pro-

ceedings, and the homologation fairly obtained— it is, perhaps, irregular to proceed for a debt contracted before the call of the creditors. It is not for the Court, at present, to say whether the homologation can by any, if any, by what, means be avoided : but surely, while it stands in force, it must afford protection against all anterior debts, at least, so far as to protect the person in the meantime.

BAIL DISCHARGED.